UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EILEEN CASINO,

                              Plaintiff,

                                                              **ORDER**
-against-                                        13-CV-5095 (SJF)(GRB)

DAVID FEILDING [sic], BRIAN CASSIDY,
MR. ROHL, SUFFOLK COUNTY EMPLOYEES
OF COURT, N.Y. STATE COURT EMPLOYEES,
M.H. LEGAL SVS, SUFFOLK COUNTY D.S.S.,
DENNIS BROWN, *Suffolk County Attorney*,
GENSER DUBOW GENSER & CORONA LLP,
NICOLE L. BRUSZEWSKI ESQ., JUDGE
FILIBERTO, *N.Y. State M.H. Court*,

                              Defendants.
----------------------------------------------------------X

FEUERSTEIN, District Judge:

On September 11, 2013, *pro se* plaintiff Eileen Casino ("plaintiff")[1] filed, *inter alia*, a civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants David Feilding [sic], administrator; Brian Cassidy, Esq.; Mr. Rohl, as "owner/admin," (Compl. at 2); "Suffolk County Employees of Court," who were present at the second floor mental health window in the morning of September 11, 2013 and at the first and fourth floors, (id.); "N.Y. State Court Employees," at the "M.H. Court Officer window[,] 2nd fl[oor]," on the morning of September 11, 2013, (Compl., at 3); "M.H. Legal Svs;" "Suffolk County D.S.S.;" Dennis Brown, as Suffolk County Attorney; Genser Dubow Genser & Corona LLP; Nicole L. Bruszewski, Esq., Mr. Casino's purported attorney, (id.); and Judge Filiberto,

---

[1] Although the complaint also designates Donato Casino ("Mr. Casino") as a *pro se* plaintiff in this case, the complaint is only signed by Eileen Casino. Since "[a] person who has not been admitted to the practice of law may not represent anybody other than himself," Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010); see 28 U.S.C. § 1654, any claims asserted by Eileen Casino on behalf of Mr. Casino are dismissed without prejudice.

1

as "N.Y. State M.H. Court.," accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in her declaration in support of her application to proceed *in forma pauperis*, qualifies her to commence this action without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), her application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the Complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

I. The Complaint[2]

The complaint alleges as follows:

> "Due to overwhelming advantage of medical law [and] ownership of property, [the] aforementioned persons have managed to run roughshod over every human, patient, resident [and] civil right my husband [and] I have - always to his [and] my detriment - now Suff. Co. [and] NY State [government] have discriminated against us to nearly the point of my husband's death [and] we cannot get a statement accepted by even any Suff Co or State Court Rep. at the Carleton Ave location - even to object to crimes of his law guardian [and] virtual captor Mr. Rohl.
>
> We need timely intervention before my husband is fully starved [and] dehydrated [and] neglected to death by Casidy [sic] [and] Rohl. My husband has had no representation from any of those well paid alleged able [and] just persons named!! He wants to live [and] be relative [sic] comfy at home!!"

(Compl. at 4) (emphasis in original). In addition, plaintiff alleges that since June 2013, Mr. Casino has been hospitalized four (4) times under the "Cassidy/Rohl Regime" and "hope[s] for a final timely!! rescue." (Compl. at 6) (emphasis in original). Plaintiff asserts that Mr. Casino has suffered "setback after setback;" has been provided "no relief - not even Christian radio [and] TV Telecare turned on or window curtain opened for light in [his] room;" and has suffered "further skin breakdown due to

---

[2] All material allegations in the Complaint are assumed to be true for the purposes of this order, see, e.g. Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

criminal neglect to [patient] personal diaper care [and] turning [and] position [and] up in chair daily." (Id.)

Plaintiff seeks only: (a) to have Mr. Casino transferred to her home or, in the alternative, "to Bellhaven home near family home [with] possibly necessary stopover at St. Charles Hospital to be built up for rigors of [nursing] home life[.] Proceeds from glaring medical malpractice suits should cover cost of next 86 [years] for my relative, my spouse, Dan," (Id. at 5); and (b) to have restored to Mr. Casino his "(1) good name[,] (2) his human, [patient], [tenant] [and] civil right to life [and] care as paid by contract [with] ins. providers[,] (3) right to life[,] [and] (4) right to reside [with] family (wife)[.]" (Id. at 7).

Attached to the complaint are various documents, including a letter plaintiff wrote to Judge Filiberto of the Mental Hygiene Court, (Compl. at 8-11); a purported Health Care Proxy of Mr. Casino, dated April 9, 2010, appointing "Eileen Casino (ex-wife)" as his health care proxy with "no expiration," (Id. at 12-13); the Interim Report of Cassidy, Mr. Casino's Guardian, (id. at 14-15); certifications of baptisms, birth, and marriage, (id. at 16-19); a report by the New York State Department of Health regarding its investigation, based upon plaintiff's complaints, into the Medford Multicare Center for Living (the "investigation did not reveal any violation of State and Federal Regulations"), (id. at 20); a list of dates and notes regarding Mr. Casino that were compiled by his Guardian, (id. at 21-27); police "Incident Data" regarding the death of Ellen Gates, plaintiff's daughter, (id. at 28-29); case details from WebCivil Supreme regarding Index Number 018846 / 2003, an "Uncontested Matrimonial" case between plaintiff and Mr. Casino, (id. at 30-31); and numerous police incident reports pertaining to calls plaintiff made to the police following disputes she had with staff at various facilities regarding their treatment of Mr. Casino, (id. at 32-43).

## II. Discussion

### A. Application of 28 U.S.C. § 1915

Under the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

It is axiomatic that a district court "must construe [a *pro se*] complaint liberally, reading it with special solicitude and interpreting it to raise the strongest claims that it suggests." J.S. v. T'Kach, 714 F.3d 99, 103 (2d Cir. 2013); see also Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (accord). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quotations and citation omitted); see also Anderson News, LLC v. American Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied by Curtis Circulation Co. v. Anderson News, LLC, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955); see also Pension

Benefit Guaranty Corp. ex rel. Saint Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc., 712 F.3d 705, 717 (2d Cir. 2013) (accord). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S.Ct. at 1949; see also In re Amaranth Natural Gas Commodities Litigation, 730 F.3d 170, 180 (2d Cir. 2013).

### B. Section 1983 Claims

Plaintiff does not have constitutional standing to prosecute the Section 1983 claims asserted in this action. Article III of the United States Constitution "confines the judicial power of federal courts to deciding actual 'Cases' or "Controversies.'" Hollingsworth v. Perry, 133 S. Ct. 2652, 2661, 186 L. Ed. 2d 768 (2013); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). "One essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so." Hollingsworth, 133 S. Ct. at 2661; see also Clapper v. Amnesty International USA, 133 S. Ct. 1138, 1146, 185 L. Ed. 2d 264 (2013) ("'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" (quoting Raines v. Byrd, 521 U.S. 811, 818, 117 S. Ct. 2312, 138 L. Ed. 2d 849 (1997))). The "irreducible constitutional minimum of standing," Lujan, 504 U.S. at 560, 112 S. Ct. 2130, "requires the litigant to prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." Hollingsworth, 133 S. Ct. at 2661; see also Clapper, 133 S. Ct. at 1147 ("To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" (quoting Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 130 S. Ct. 2743, 2752, 177 L. Ed. 2d 461 (2010))); Hedges v. Obama, 724

F.3d 170, 188 (2d Cir. 2013) ("The irreducible constitutional minimum [of standing] requires that (1) the plaintiff have suffered an injury in fact– an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical, (2) the injury be fairly traceable to the challenged action of the defendant, and (3) it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." (internal quotations and citations omitted)). "In other words, for a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm." Hollingsworth, 133 S. Ct. at 2661. "To have standing, a litigant must seek relief for an injury that affects him in a 'personal and individual way[,]'" Hollingsworth, 133 S. Ct. at 2662 (quoting Lujan, 504 U.S. at 560 n. 1, 112 S. Ct. 2130), and "possess a 'direct stake in the outcome' of the case." Id. (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 64, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997)). "The presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Art. III's requirements." Hollingsworth, 133 S. Ct. at 2661 (quoting Diamond v. Charles, 476 U.S. 54, 62, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986)).

"The party invoking federal jurisdiction bears the burden of establishing the[] elements [of standing]." Lujan, 504 U.S. at 561, 112 S. Ct. 2130. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice * * *." Id.

Furthermore, Section 1983 of Title 42 of the United States Code provides, in relevant part:

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable *to the party injured* . . . ." (Emphasis added).

To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the

plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). "A party may not assert a civil rights claim on behalf of another; each party must establish that he or she was personally deprived of rights or privileges secured by the Constitution." McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988); see also Global Network Communications, Inc. v. City of New York, No. 07 Civ. 11209, 2008 WL 215892, at * 4 (S.D.N.Y. Jan. 22, 2008), appeal dismissed, 323 Fed. Appx. 24 (2d Cir. Apr. 8, 2009) ("[I]t is a well-settled principle that a Section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." (quotations and citations omitted)); Iannucci v. City of New York, No. cv-02-6135, 2007 WL 879628, at * 3 (E.D.N.Y. Mar. 21, 2007) (accord); Cea v. Ulster Co., 309 F. Supp. 2d 321, 327 n. 5 (N.D.N.Y. 2004) (dismissing all claims seeking to assert the constitutional rights of the plaintiff's wife and daughters).

The complaint primarily alleges violations of Mr. Casino's rights and is devoid of any factual allegations from which it may reasonably be inferred, *inter alia*, that plaintiff herself has personally suffered a particularized and actual or imminent injury that is fairly traceable to any of the challenged conduct by defendants, or that is likely to be redressed by a favorable ruling in this case. Indeed, although plaintiff conclusorily alleges that both her and Mr. Casino's civil rights have been violated, the only factual allegations from which any specific civil rights violations may reasonably be inferred pertain solely to Mr. Casino. The complaint does not identify any specific civil right or other interest of plaintiff's that has actually been, or is in imminent danger of being, affected by any of the challenged conduct of defendants. Since the factual allegations in the complaint seek only to protect and redress Mr. Casino's rights and privileges, plaintiff lacks standing to prosecute this case. See, e.g. Hill ex rel. Hill v. Pennsylvania Department of Corrections, 521 Fed. Appx. 39, 40-41 (3d Cir. Apr.

3, 2013) (affirming the district court's conclusion that the plaintiff-wife lacked standing to assert her husband's rights in a Section 1983 action); McCloud, 677 F. Supp. at 232 (granting summary judgment dismissing the Section 1983 claims of the plaintiff's wife and child who failed to establish that they were personally deprived of any rights or privileges under the law).

Moreover, it is evident from the relief requested in the complaint, i.e., the transfer of Mr. Casino either to plaintiff's home or to an alternative nursing home and the restoration of certain of his purported rights, that no personal right or privilege of plaintiff's will be redressed by a favorable ruling in this case. Accordingly, plaintiff's claims are dismissed in their entirety with prejudice for lack of standing and failure to state a claim for relief.

III. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; the claims asserted by plaintiff on behalf of Mr. Casino are dismissed without prejudice; and plaintiff's claims are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of standing and failure to state a claim for relief.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: November 8, 2013
Central Islip, New York